**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICK OREL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No.: |
| | ) |
| THE BELT RAILWAY COMPANY | ) |
| OF CHICAGO, | ) |
| | ) |
|     Defendant. | ) |
| | / |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Patick Orel ("Plaintiff" or "Orel"), through his undersigned counsel, and hereby files his Complaint and Demand for Jury Trial against Defendant, The Belt Railway Company of Chicago, ("Defendant" or "Belt Railway Company"), and in support states as follows:

## NATURE OF THE ACTION

1.     This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 *et seq.* ('ADA' and "ADAAA"). This action is to redress Defendant's unlawful termination of Orel because of Orel's disability.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Orel's civil rights under the ADAAA.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Orel's claim, including Defendant's unlawful employment practices, occurred in this District.

## THE PARTIES

4.      Orel is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois, residing in Cook County.

5.      Defendant is and was, at all relevant times, operating in Cook County, Illinois and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

6.      Defendant was an employer as defined by the laws under which this action is brought under the ADAAA.

7.      At the time of the incidents relevant to this action, Orel was employed by Defendant at its business located at 6900 S Central Ave, Bedford Park, IL 60638.

## PROCEDURAL REQUIREMENTS

8.      Orel has complied with all statutory prerequisites to filing this action.

9.      On October 20, 2022, Orel filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10.      Orel's discrimination charge was filed within the required number of days after the alleged unlawful employment practices occurred.

11.      On June 22, 2023, the EEOC issued to Orel a Notice of Right to Sue, upon request, against Defendant.

12.      This complaint was filed within ninety days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

13. Orel is an individual with a disability. At the time of Orel's employment, he was diagnosed with epilepsy, a neurological disorder, which substantially limits one or more major life activities.

14. Orel has a record of a disability, which caused him to experience seizures during his lifetime. At the time of Orel's employment, he was on controlled medication for his disability.

15. Orel was a qualified individual under the ADAAA as a Locomotive Machinist. Orel previously was a locomotive machinist for over ten years in positions substantially similar to the Locomotive Machinist position Orel held at Defendant.

16. Orel applied for a Locomotive Machinist position with Defendant on August 11, 2022.

17. Thereafter, Orel was required to submit to a medical exam.

18. On August 18, 2023, Orel returned the requested medical paperwork to Defendant. It was noted that *"he [Orel] has been seizure free for 18 months and is clear to work and drive without restrictions."*

19. Orel's job description did not require operating a locomotive. Nevertheless, Orel's physician stated that Orel was clear to work and drive without restrictions.

20. Defendant determined that Orel was eligible to work, Orel needed an annual update from his doctor stating that he is safe to work on his medication.

21. On September 6, 2022, Orel went to work for his first day.

22. Later that same day, Orel was called by Cindy Homan ("Homan") (Executive Assistant) and sent home.

23. The next day, Caitlin Kerney ("Kerney") (Human Resource Manager) terminated Orel's employment because of his disability.

24. Orel has been damaged by Defendant's illegal conduct.

25. Orel has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Based Discrimination in Violation of the ADAAA**

26. Orel re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

27. At all times relevant to this action, Orel was a qualified individual with a disability within the meaning of the ADAAA. Orel has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

28. Defendant was prohibited under the ADAAA from discriminating against Orel because of Orel's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

29. Defendant violated the ADAAA by terminating and discriminating against Orel because of Orel's disability.

30. Defendant intentionally discriminated against Orel because of Orel's disability.

31. Orel was damaged by Defendant's illegal conduct.

32. Defendant's discriminatory conduct, in violation of the ADAAA caused Orel to suffer a loss of pay, benefits, and prestige.

33. Defendant's actions caused Orel to suffer mental and emotional distress, entitling him to compensatory damages.

34. Defendant engaged in discriminatory practices with malice and reckless indifference to Orel's protected rights, thereby entitling Orel to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits, front-pay, and prejudgment interest thereon found to be due and owed at the time of trial;

b) Grant Orel compensation for past and future non-pecuniary losses resulting from the unlawful practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

c) Grant Orel and punitive damages for Defendants malicious and reckless conduct, in amounts to be determined at trial;

d) Grant Orel costs and an award of reasonable attorneys' fees (including expert fees); and

e) Grant Orel any other and further relief as this Court deems just and proper in the public interest.

**<u>JURY DEMAND</u>**

Orel hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

<u>**/s/ Eric D. Rogers**</u>
Eric D. Rogers
Illinois Bar No.: 6334599
**Spielberger Law Group**
4890 W. Kennedy Blvd. Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

***ATTORNEYS FOR PLAINTIFF***

Page 5 of 5
